**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

THOMAS MARK MOORE,

    Plaintiff,

v.                                        Case No. 12-14778

MACOMB COUNTY SHERIFF'S
DEPARTMENT, et al.,

    Defendants.
                                              /

**ORDER DISMISSING COMPLAINT AND DENYING APPLICATION FOR THE
APPOINTMENT OF COUNSEL**

*Pro se* Plaintiff Thomas Mark Moore sues the Macomb County Sheriff's Office (the complaint incorrectly says "Department") and several law enforcement and corrections officials for intentional infliction of emotional distress, for violating the Eighth and Fourteenth Amendments, and for relief under 42 U.S.C. § 1983, 18 U.S.C. § 241, and 18 U.S.C. § 242. Plaintiff also applies both to proceed *in forma pauperis* and for the appointment of counsel.

According to the complaint, in 2010 Plaintiff was arrested for drug possession and detained by the Macomb County Sheriff for six months. While detained he suffered unspecified periods without food and he received psychotropic medication against his will. The complaint asserts that the treatment Plaintiff received in jail caused Plaintiff mental problems, such as a passing belief that he was "Overseer of the United States of America."

To state a claim, a pleading must contain "a short and plain statement" establishing that the plaintiff is entitled to relief. Fed.R.Civ.P. 8(a). Nonetheless, the complaint must allege enough facts to establish the plausibility of each claim. *Carrier Corp. v. Outokumpu Oyj*, 673 F.3d 430, 444-45 (6th Cir. 2012). Plaintiff's complaint contains a few serious allegations, but each is conclusory, incoherent, or both. A typical example:

> Plaintiff is still a victim of a form of discrimination from Defendant(s) because as late as October 15, 2012, Police Misconduct was apparent when trying to pickup complaint/witness statement regarding crime that was submitted originally on October 7th, 2012. In turn, Plaintiff's 14th Amendment rights were breached.

(Compl. 4, Dkt. #1.) Compounding the problem, the potentially serious matters are enveloped in a cluttered and unfocused airing of petty grievances against Defendants. Few clues reveal which of the disparate details pertain to which claim, if any. The complaint is simultaneously too bare and too convoluted to avoid dismissal. Should Plaintiff submit one, an amended complaint must state facts pertinent to the essential elements of a claim brought under specific governing law. Plaintiff must omit the claims under 18 U.S.C. § 241 and 18 U.S.C. § 242, because he cannot invoke a criminal statute. *See, e.g.*, *Hom v. Brennan*, 840 F.Supp.2d 576, 582 (E.D.N.Y. 2011); *Brown v. Wilhelm*, 819 F.Supp.2d 41, 43 n.2 (D.D.C. 2011); *McLaughlin v. CitiMortgage, Inc.*, 726 F.Supp.2d 201, 220 (D. Conn. 2010).

"Appointment of counsel in a civil case . . . is a privilege that is justified only by exceptional circumstances." *Lavado v. Keohane*, 992 F.2d 601, 605-06 (6th Cir. 1993). Because no "exceptional circumstances" appear, Plaintiff may not receive counsel. Plaintiff is urged to obtain counsel on his own. Accordingly,

IT IS ORDERED that the complaint is DISMISSED WITHOUT PREJUDICE, except for Counts 5 and 6, which are DISMISSED WITH PREJUDICE. The application to proceed *in forma pauperis* is held in abeyance.

IT IS FURTHER ORDERED that the application for appointment of counsel is DENIED.

                                                s/Robert H. Cleland
                                                ROBERT H. CLELAND
                                                UNITED STATES DISTRICT JUDGE

Dated: November 7, 2012

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, November 7, 2012, by electronic and/or ordinary mail.

                                                s/Lisa Wagner
                                                Case Manager and Deputy Clerk
                                                (313) 234-5522